**Donald HALE, Petitioner,**

v.

**Otto C. BOLES, Warden of the West Virginia State Penitentiary, Respondent.**

**No. C-67-106-E.**

United States District Court
N. D. West Virginia.

Sept. 30, 1968.

C. Donald Robertson, Atty. Gen., Morton I. Taber, Asst. Atty. Gen., Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

Petitioner, incarcerated in the West Virginia State Penitentiary pursuant to a judgment of conviction upon a jury verdict of second degree murder, petitions this Court for federal habeas corpus relief, Title 28, Section 2254, United States Code.

In his application Petitioner contends that he was denied an appeal because of his counsel's failure to comply with the statutory provisions pertaining to filing notice of an appeal.

On January 10, 1968, this Court granted Petitioner's application and ordered that he be returned to the Circuit Court of Wyoming County in order that the state trial court could determine whether it had authority to vacate Petitioner's conviction and to resentence him under the West Virginia Post-Conviction Statute. Section 53–4A–1, West Virginia Code (Michie Supp.1968). The order of January 10, 1968, further provided that, if the Circuit Court should determine that the Post-Conviction Statute did not authorize resentencing, criminal proceedings were to be initiated against Petitioner within sixty days of that determination. Otherwise, Petitioner would be entitled to release upon his federal habeas corpus petition.

On the basis of this Court's order of January 10, 1068, Petitioner now moves that he be federally released from his state court conviction on the grounds that the State has not remedied the procedural defects which prevented his appeal.

This Court's order of January 10 was designed for and in fact had the effect of assuring Petitioner procedural due process by the State. The order set forth a method of reopening the appeal route for him, thereby providing the opportunity for the statutory notice of appeal to be filed, and all jurisdictional time limits would begin to run from the date of his resentencing.

Following the suggestions of this Court, the Circuit Court of Wyoming County placed Petitioner on bond and on May 23, 1968, determined that it would have jurisdiction to resentence Petitioner under the West Virginia Post-Conviction Habeas Corpus Statute, supra, if Petitioner would file a petition for relief in that Court as required by statute. The Circuit Court's order explained that, should he file such a petition within ten days, the relief sought *would* be granted. Petitioner refused to file such a petition and instead filed notice of appeal, through his state court attorney, of the order of the state court of May 23, 1968.

The state trial court's request is not a departure from the fundamental concept of due process so as to be constitutionally impermissible in itself. Petitioner has chosen *not* to take the necessary procedural step, even the most minimal, in the state court, in order that the State could grant him the first leg of his sought-after relief. In a very real sense, Petitioner's inaction in the state court has thwarted the federal habeas corpus effort to insure procedural due process here.

Assuming, arguendo, that Petitioner has been sincere in seeking his resentence and had thereby reactivated the clock on his statutory appeal time limitation, he would nevertheless be compelled to follow the procedural requirements of appeal in the state court system before his appeal could be finalized.

Procedural due process as to appeal, as presented here, requires that Petitioner be allowed to follow the normal, regular procedural steps incidental to statutory review.

The same right of procedural due process, as presented here, at the state trial court level, requires that the normal, regular procedures be available to Petitioner. The West Virginia Post-Conviction statute, Section 53–4A–1, West Virginia Code (Michie Supp.1968), allows a state circuit court to vacate a judgment and sentence and to re-enter judgment against a petitioner and to resentence him. But the circuit court must first have jurisdiction. The Circuit Court of Wyoming County properly determined it had no jurisdiction unless Petitioner would take the minimal step necessary to confer that jurisdiction—the filing of a petition for relief in that court. This Court, and particularly this Court's order, cannot be considered as tantamount to the individual's self-help in seeking assured relief. Once Petitioner filed such a petition, the circuit court had assured that it would grant the relief requested. The fact that it could not grant relief until Petitioner had filed a petition in that court, the proper forum, does not mean Petitioner was denied procedural due process. In its simplest terms, Petitioner's inaction, while free on bond, and not confined or in any custody, means he abandoned his alleged constitutional deprivation.

Process was made available to him, but he had the responsibility of pursuing it by filing the requested petition. Motivation for such inaction is of course not here a part of the record and indeed perhaps could never be ascertained with certainty.

It is this Court's determination that Petitioner has failed to demonstrate good faith in his request for procedural due process since he has failed to avail himself of the opportunity to obtain the relief allegedly sought in this Court. It is the function of this Court in habeas corpus proceedings to insure that due process is made available to Petitioner in a case where initially denied. Since this Court has provided the means of correcting any deprivation of due process suffered by Petitioner, there is no further relief this Court can properly or in good conscience give. It is, therefore

Ordered that Petitioner's motion for discharge from conviction and constructive custody be denied and that his petition for federal habeas corpus relief be dismissed and dropped from the docket of this Court.

If Petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within 30 days from the date of the entry of this order. The notice of appeal should include a request for a certificate of probable cause which is required for an appeal by Title 28, Section 2253, United States Code. These papers should be submitted in duplicate.